UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re INTERMUNE, INC. SECURITIES LITIGATION | Master File No. C-03-2954-SI |
| | <u>CLASS ACTION</u> |
| This Document Relates To: | [~~PROPOSED~~] FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE |
| ALL ACTIONS. | |

1.     This matter came before the Court for hearing pursuant to an Order of this Court, dated August 26, 2005, on the application of the Settling Parties for approval of the settlement set forth in the Stipulation of Settlement dated as of May 6, 2005 (the "Stipulation"). Due and adequate notice having been given of the settlement as required in said Order, and the Court having considered all papers filed and proceedings held herein and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1. This Judgment incorporates by reference the definitions in the Stipulation, and all terms used herein shall have the same meanings set forth in the Stipulation.

2. This Court has jurisdiction over the subject matter of the Litigation and over all parties to the Litigation, including all Members of the Settlement Class.

3. Except as to any individual claim of those Persons (identified in Exhibit 1 attached hereto) who have validly and timely requested exclusion from the Settlement Class, the Litigation and all claims contained therein, including all of the Released Claims, are dismissed with prejudice as to the Lead Plaintiff and the other Members of the Settlement Class, and as against each and all of the Released Persons. The parties are to bear their own costs, except as otherwise provided in the Stipulation.

4. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby approves the settlement set forth in the Stipulation and finds that said settlement is, in all respects, fair, reasonable and adequate to, and is in the best interests of, the Lead Plaintiff, the Settlement Class and each of the Settlement Class Members. This Court further finds the settlement set forth in the Stipulation is the result of arm's-length negotiations between experienced counsel representing the interests of the Lead Plaintiff, the Settlement Class Members and the Defendants. Accordingly, the settlement embodied in the Stipulation is hereby approved in all respects and shall be consummated in accordance with its terms and provisions. The Settling Parties are hereby directed to perform the terms of the Stipulation.

5. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby certifies, for purposes of effectuating this settlement, a Settlement Class of all Persons who purchased or acquired InterMune common stock during the period between August 28, 2002 and

[PROPOSED] FINAL JUDGMENT AND ORDER OF
DISMISSAL WITH PREJUDICE - C-03-2954-SI

- 1 -

1  June 11, 2003, inclusive. Excluded from the Settlement Class are Defendants, members of the
2  immediate families of the Individual Defendants, any entity in which any Defendant has or had a
3  controlling interest, current or former directors and officers of InterMune, and the legal
4  representatives, heirs, successors, or assigns of any such excluded person or entity. Also excluded
5  from the Settlement Class are those Persons who timely and validly requested exclusion from the
6  Settlement Class pursuant to the Notice of Pendency and Proposed Settlement of Class Action, as
7  identified in Exhibit 1 hereto.

8      6.    With respect to the Settlement Class, this Court finds for the purposes of effectuating
9  this settlement that (a) the Members of the Settlement Class are so numerous that joinder of all
10 Settlement Class Members in the Litigation is impracticable; (b) there are questions of law and fact
11 common to the Settlement Class which predominate over any individual questions; (c) the claims of
12 the Lead Plaintiff are typical of the claims of the Settlement Class; (d) the Lead Plaintiff and Lead
13 Counsel have fairly and adequately represented and protected the interests of all of the Settlement
14 Class Members; and (e) a class action is superior to other available methods for the fair and efficient
15 adjudication of the controversy, considering: (i) the interests of the Members of the Settlement Class
16 in individually controlling the prosecution of the separate actions; (ii) the extent and nature of any
17 litigation concerning the controversy already commenced by Members of the Settlement Class: (iii)
18 the desirability or undesirability of continuing the litigation of these claims in this particular forum;
19 and (iv) the difficulties likely to be encountered in the management of the Litigation.

20     7.    Upon the Effective Date, the Lead Plaintiff and each of the Settlement Class
21 Members shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and
22 forever released, relinquished and discharged all Released Claims against the Released Persons,
23 whether or not such Settlement Class Member executes and delivers a Proof of Claim and Release
24 form.

25     8.    All Settlement Class Members are hereby forever barred and enjoined from
26 prosecuting the Released Claims against the Released Persons.

27     9.    Upon the Effective Date hereof, each of the Released Persons shall be deemed to
28 have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished

1  and discharged each and all of the Settlement Class Members and their counsel from all claims
2  (including unknown claims), arising out of, relating to, or in connection with the institution,
3  prosecution, assertion, settlement or resolution of the Litigation or the Released Claims.

4      10.    The distribution of the Notice of Pendency and Proposed Settlement of Class Action
5  and the publication of the Summary Notice as provided for in the Order Preliminarily Approving
6  Settlement and Providing for Notice constituted the best notice practicable under the circumstances,
7  including individual notice to all Members of the Settlement Class who could be identified through
8  reasonable effort. Said Notice provided the best notice practicable under the circumstances of those
9  proceedings and of the matters set forth therein, including the proposed settlement set forth in the
10 Stipulation, to all Persons entitled to such notice, and said Notice fully satisfied the requirements of
11 Federal Rule of Civil Procedure 23, the requirements of due process, and any other applicable law.

12     11.    Any plan of allocation submitted by Lead Counsel or any order entered regarding the
13 attorneys' fee and expense application and the Lead Plaintiff expense application shall in no way
14 disturb or affect this Final Judgment and shall be considered separate from this Final Judgment.

15     12.    Neither the Stipulation nor the settlement contained therein, nor any act performed or
16 document executed pursuant to or in furtherance of the Stipulation or the settlement: (a) is or may be
17 deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim,
18 or of any wrongdoing or liability of the Defendants; or (b) is or may be deemed to be or may be used
19 as an admission of, or evidence of, any fault or omission of any of the Defendants in any civil,
20 criminal or administrative proceeding in any court, administrative agency or other tribunal.
21 Defendants may file the Stipulation and/or the Judgment in any other action that may be brought
22 against them in order to support a defense or counterclaim based on principles of *res judicata*,
23 collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of
24 claim preclusion or issue preclusion or similar defense or counterclaim.

25     13.    Without affecting the finality of this Judgment in any way, this Court hereby retains
26 continuing jurisdiction over: (a) implementation of this settlement and any award or distribution of
27 the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund;
28 (c) hearing and determining applications for attorneys' fees and expenses in the Litigation and for

[PROPOSED] FINAL JUDGMENT AND ORDER OF
DISMISSAL WITH PREJUDICE - C-03-2954-SI

1  reimbursement of the Lead Plaintiff's costs and expenses incurred in the Litigation; and (d) all
2  parties hereto for the purpose of construing, enforcing and administering the Stipulation.

3      14.  The Court finds that during the course of the Litigation, the Settling Parties and their
4  respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure
5  11.

6      15.  In the event that the settlement does not become effective in accordance with the
7  terms of the Stipulation or the Effective Date does not occur, or in the event that the Settlement
8  Fund, or any portion thereof, is returned to the Defendants, then this Judgment shall be rendered null
9  and void to the extent provided by and in accordance with the Stipulation and shall be vacated and,
10 in such event, all orders entered and releases delivered in connection herewith shall be null and void
11 to the extent provided by and in accordance with the Stipulation.

DATED: 8/26/05



THE HONORABLE SUSAN ILLSTON
UNITED STATES DISTRICT JUDGE

Submitted by:

**GLANCY BINKOW & GOLDBERG LLP**
Lionel Z. Glancy #134180
Peter A. Binkow #173848
Michael Goldberg #188669
Susan Kupfer #141724
1801 Ave. of the Stars, Suite 311
Los Angeles, CA 90067
Tel: (310) 201-9150
Fax: (310) 201-9160

*Local Counsel for Lead Plaintiff and the Settlement Class*

**GOODKIND LABATON RUDOFF & SUCHAROW LLP**
Ira A. Schochet
Richard T. Joffe
100 Park Avenue
New York, NY 10017
Tel: (212) 907-0700
Fax: 818-0477

*Lead Counsel for Lead Plaintiff and the Settlement Class*

**LERACH COUGHLIN STOIA & ROBBINS LLP**
Kimberly C. Epstein
Eli R. Greenstein

[PROPOSED] FINAL JUDGMENT AND ORDER OF
DISMISSAL WITH PREJUDICE - C-03-2954-SI

- 4 -

1 | 100 Pine Street, Suite 2000
San Francisco, CA 94111
2 | Tel: (415) 288-4545
Fax: (415) 288-4534

**ROY L. JACOBS**
292 Madison Avenue – 15th Floor
New York, NY 10016
Tel: (646) 742-9860
Fax: (212) 504-8343

*Additional Counsel for Lead Plaintiff and the Settlement Class*

[PROPOSED] FINAL JUDGMENT AND ORDER OF
DISMISSAL WITH PREJUDICE - C-03-2954-SI

- 5 -

**PROOF OF SERVICE BY ELECTRONIC POSTING
PURSUANT TO NORTHERN DISTRICT OF CALIFORNIA LOCAL RULES AND
ECF GENERAL ORDER NO. 45
<u>AND BY MAIL ON ALL KNOWN NON-REGISTERED PARTIES</u>**

I, the undersigned, say:

I am a citizen of the United States and am employed in the office of a member of the Bar of this Court. I am over the age of 18 and not a party to the within action. My business address is 1801 Avenue of the Stars, Suite 311, Los Angeles, California 90067.

On August 26, 2005, I served the following by posting such documents electronically to the ECF website of the United States District Court for the Northern District of California:

1   [PROPOSED] ORDER AWARDING ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES

2   [PROPOSED] FINAL JUDGMENT AND ORDER OS DISMISSAL WITH PREJUDICE

on all ECF-registered parties in the action and, upon all others not so-registered but instead listed below, by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid in the United States mail at Los Angeles, California. They are:

Richard Joffe
Lynda J. Grant
Goodkind, Labaton, Rudoff & Sucharow, LLP
100 Park Avenue
New York, New York 10017
Telephone: (212) 907-0700
Facsimile: (212) 818-0477

Executed on August 26, 2005, at Los Angeles, California.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

_S/Kyaa D. Heller_
Kyaa D. Heller